**1**

Ralph LACKEY v. STATE.   (No. 11828.)
Court of Criminal Appeals of Texas.   April 25,
1928.   Appeal from District Court, Midland
County;   Chas. L. Klapproth, Judge.   G. W.
Dunaway, of Midland, for appellant.   A. A.
Dawson, State's Atty., of Austin, for the State.

MORROW, P. J.   The conviction is for rob-
bery with firearms;   punishment fixed at con-
finement in the penitentiary for a period of five
years.   Upon the written request of the appel-
lant, duly verified by his affidavit, the appeal is
dismissed.

**2**

Warren REES v. STATE.   (No. 11597.)
Court of Criminal Appeals of Texas.   May 2,
1928.   Appeal from District Court, San Pa-
tricio County;   T. M. Cox, Judge.   Tarlton &
Lowe, of Corpus Christi, for appellant.   A. A.
Dawson, State's Atty., of Austin, for the State.

MORROW, P. J.   The offense is unlawfully
driving an automobile upon the public highway
while under the influence of intoxicating liquor;
punishment fixed at confinement in the county
jail for a period of 60 days and the payment of
a fine of $100.   Upon the written request of
the appellant, duly verified by his affidavit, the
appeal is ordered dismissed.

**3**

Eldred ROBINSON v. STATE.   (No. 11819.)
Court of Criminal Appeals of Texas.   April 18,
1928.   Appeal from District Court, Williamson
County;   Cooper Sansom, Judge.   Dickens &
Dickens, of Austin, for appellant.   A. A. Daw-
son, State's Atty., of Austin, for the State.

MORROW, P. J.   The offense is assault with
intent to murder;   penalty assessed at confine-
ment in the penitentiary for a period of 15
years.   The indictment is regular upon its face
and appears to have been properly presented.
No statement of facts accompanies the record.
The charge of the court is made the subject of
an exception, but, in the absence of information
touching the facts that were before the trial
court, the complaint of the charge cannot be ap-
praised.   The correctness of no ruling of the
court is brought up for review by bills of excep-
tions.   Perceiving no error, and none having
been pointed out, the judgment is affirmed.

**4**

Willie ROGERS v. STATE.   (No. 11458.)
Court of Criminal Appeals of Texas.   April 25,
1928.   Appeal from Criminal District Court No.
2, Dallas County;   C. A. Pippen, Judge.   Har-
mon & Harmon, of Dallas, for appellant.   A. A.
Dawson, State's Atty., of Austin, for the State.

MORROW, P. J.   The offense is driving an
automobile while intoxicated;   punishment fixed
at confinement in the county jail for a period
of 30 days.   The indictment appears regular.
The record is before us without bills of excep-
tions or statement of facts.   No fundamental

error has been perceived or pointed out.   The
judgment is affirmed.

**5**

Cecil SALSMAN v. STATE.   (No. 11761.)
Court of Criminal Appeals of Texas.   May 2,
1928.   Appeal from Crosby County Court;   Jake
M. Mabe, Judge.   E. A. Watson, of Crosbyton,
for appellant.   A. A. Dawson, State's Atty., of
Austin, for the State.

HAWKINS, J.   Appellant was adjudged a de-
linquent child, and his punishment assessed at
confinement in the state juvenile training school
at Gatesville for a period of three years.   We
have not been favored with a brief from appel-
lant, and are at some loss to ascertain upon
what ground he relies to have the judgment
against him set aside by this court.   By com-
plaint and information it was charged that ap-
pellant and one Willie Bell had stolen an auto-
mobile of the value of $1,250, and that said act
of theft constituted the parties delinquent chil-
dren;   it being alleged that they were under 16
years of age.   All of the elements of theft were
properly set out in the complaint and informa-
tion, which seems in all respects to comply with
article 1085, C. C. P.   The evidence seems to
establish beyond question that on the night of
December 16, 1927, appellant and said Willie
Bell stole a Buick automobile of the value of
$1,250 from in front of the schoolhouse in Cros-
byton and started with it to New Mexico.
This was proven not only by appellant's con-
fession, but was sworn to by him on this delin-
quency proceeding.   No complaint is brought
forward by bill of exception of any proceeding
upon the trial.   The facts show that appellant's
father was present and testified at such time.
The judgment is affirmed.

**6**